## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) TRUESTAR INVESTMENTS LTD. and<br>(2) WILLABETH CAPITAL CORP., | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| vs. | ) <br> ) | Case No.  14-cv-215-TCK-FHM |
| (1) LEVINSON, SMITH & HUFFMAN, P.C. | ) <br> ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiffs Truestar Investments Ltd. ("Truestar") and Willabeth Capital ("Willabeth Capital")

respectfully submit this Complaint against Defendant Levinson, Smith & Huffman P.C. ("Firm") and

state as follows:

### Jurisdiction and Venue

1.      Plaintiff Truestar Investments Ltd. is a limited liability company organized under the

laws of British Columbia, Canada with its principal place of business in British Columbia, Canada.

2.      Plaintiff Willabeth Capital Corporation is a corporation organized under the laws of

Canada and registered in British Columbia, Canada with its principal place of business in British

Columbia, Canada.

3.      Defendant Levinson, Smith & Huffman P.C. ("Firm") is a professional corporation

organized under the laws of the State of Oklahoma and doing business in Tulsa County, Oklahoma.

As related to the subject matter of this action, the Firm received and disbursed certain funds from

its office in Tulsa, Oklahoma for the purchase of an oil and gas lease located in Wagoner County,

Oklahoma.

4.     At all times relevant hereto, Kenny Smith ("Smith") was employed by the Firm and was working within his scope and employment.

5.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(A)(1) because of the complete diversity of citizenship and the amount in controversy is in excess of $75,000 exclusive of interest and costs.  Additionally, supplemental jurisdiction is proper over the claims of Plaintiff Willabeth Capital pursuant to 28 U.S.C. § 1367.

6.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391.

### Factual Background

7.     In March 2013, Truestar, Willabeth Capital, and Secure Operations Group, LLC ("SOG") agreed that they would jointly purchase an oil and gas lease ("Baxter Assignment").

8.     Truestar and Willabeth Capital were informed by Johnnie Louis McAlpine of SOG that the purchase price of the Baxter Assignment was $250,000.

9.     Mr. Smith and/or the Firm acted as the escrow agent for Truestar and Willabeth Capital for the purchase of the Baxter Assignment.

10.     Mr. Smith's and the Firm's only contact with Truestar and Willabeth Capital was through Bill Baker, who acted on behalf of Truestar and Willabeth Capital.

11.     On March 7, 2013, funds were wired from TrueStar and Willabeth Capital to the trust account of the Firm in the total amount of $250,000 for the purchase of the Baxter Assignment.

12.     On March 11, 2013, Mr. Smith sent an email to Bill Baker requesting authorization to disperse the funds upon the Baxters executing the Baxter Assignment.

13.     On March 11, 2013, Bill Baker authorized funds to be disbursed from Truestar in the amount of $210,000 and from Willabeth Capital in the amount of $40,000 for the purchase of the

Baxter Assignment.

14.     On March 12, 2013, the Baxter Assignment was assigned to SOG.

15.     At the time the Baxter Assignment was assigned to SOG, SOG was a client of the Firm.

16.     On March 12, 2013, the following checks were issued by the Firm from its trust account: $105,000 to Patricia Ann Blair as a seller of the Baxter Assignment; $70,000 to Baxter Operating Company as a seller of the Baxter Assignment; and $74,965 to SOG.

17.     Mr. Smith and/or the Firm knew that Bill Baker believed the purchase price for the Baxter Assignment to be $250,000.

18.     Mr. Smith and/or the Firm knew that $74,965 of the $250,000 wired from Truestar and Willabeth Capital was not being paid to a seller of the Baxter Assignment.

19.     Mr. Smith and/or the Firm knew that $74,965 of the $250,000 wired from Truestar and Willabeth Capital was disbursed to SOG.

20.     Mr. Smith and/or the Firm did not disclose to Bill Baker that $74,965 of the $250,000 was going to be paid to SOG.

21.     Mr. Smith and/or the Firm did not send a copy of the Settlement Statement or Closing Statement to Bill Baker prior to the funds being disbursed.

22.     The Baxter Assignment was of no, or virtually no, value.

23.     The Baxter Assignment's value was misrepresented by SOG prior to the purchase of the Baxter Assignment.

24.     If Smith and/or the Firm had disclosed that $74,965 was being diverted to SOG, Plaintiffs would not have entered into the purchase of the Baxter Assignment.

3

**Negligence Claim**

25.     Plaintiffs incorporate paragraphs 1 through 24 above.

26.     Mr. Smith and/or the Firm owed a duty to Truestar and Willabeth Capital to disclose how the funds were being disbursed.

27.     Mr. Smith and/or the Firm owed a duty to Truestar and Willabeth Capital to pay the funds as directed by Truestar and Willabeth Capital.

28.     Mr. Smith and/or the Firm breached the duties owed to Truestar and Willabeth Capital.

29.     As a result of the actions of Mr. Smith and/or the Firm, Truestar and Willabeth Capital have been damaged in excess of $75,000 plus interest, attorney fees, and costs.

**Breach of Fiduciary Duty Claim**

30.     Plaintiffs incorporate paragraph 1-29 above.

31.     A fiduciary relationship existed between Defendant and Plaintiffs.

32.     Mr. Smith and/or the Firm owed fiduciary duties to Truestar and Willabeth Capital.

33.     Mr. Smith and/or the Firm breached a fiduciary duty when Mr. Smith and/or the Firm did not disclose to Plaintiffs that $74,965 was being disbursed to SOG.

34.     Mr. Smith and/or the Firm breached a fiduciary duty when Mr. Smith and/or the Firm transmitted the $74,965 to SOG.

35.     As a result of the actions of Mr. Smith and/or the Firm, Truestar and Willabeth Capital have been damaged in excess of $75,000 plus interest, attorney fees, and costs.

4

WHEREFORE, Plaintiffs Truestar and Willabeth Capital respectfully request judgment in their favor and against Defendant Levinson, Smith & Huffman, P.C. in excess of $75,000 plus interest, attorney fees, and costs together with any other relief this Court deems just and proper.

Respectfully submitted,

By:     /s/ Pansy Moore-Shrier
    Pansy Moore-Shrier, OBA No. 20289
    MOORE-SHRIER LAW FIRM
    624 South Boston Avenue, Suite 900
    Tulsa, Oklahoma 74119
    (918) 592-3001
    (918) 592-0963 (facsimile)

    *Attorney for Plaintiffs*