**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TRUESTAR INVESTMENTS LTD., and <br> WILLABETH CAPITAL CORP., <br>           **Plaintiffs,** <br> v. <br> LEVINSON, SMITH & HUFFMAN, P.C., <br>           **Defendant.** | ) ) ) ) ) ) ) ) ) ) )    Case No. 14-CV-215-TCK-FHM |

## OPINION AND ORDER

Before the Court is the Motion to Dismiss filed by Defendant Levinson, Smith & Huffman, P.C. (Doc. 9) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

### I. Background

Plaintiffs Truestar Investments Ltd. and Willabeth Capital Corp. filed their Complaint May 7, 2014, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) requires the parties to be citizens of different states and the amount in controversy to exceed $75,000. In their Complaint, Plaintiffs assert claims for negligence and breach of fiduciary duty arising from a business transaction. Specifically, Plaintiffs allege they and Secure Operations Group ("SOG") agreed to purchase an oil and gas lease for $250,000. One of Defendant's employees acted as the escrow agent for the transaction. Plaintiffs claim that $74,965 of the purchase price was paid to co-purchaser SOG and that such payment was not disclosed to Plaintiffs. On June 5, 2014, Defendants filed the Motion to Dismiss, arguing that the face of Plaintiffs' Complaint established that the amount in controversy was less than the $75,000 threshold.

## II. Rule 12(b)(1) Standard

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take one of two forms. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). "First, a moving party may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction." *Id.* "In reviewing a facial attack, the district court must accept the allegations in the complaint as true." *Id.* "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based." *Id.* "In reviewing a factual attack, a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Id.* (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir.1995)). "In the course of a factual attack under Rule 12(b)(1), a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion. *Id.* Defendants did not attach evidence outside the pleadings. Thus, the Court construes the attack as facial.[1]

## III. Legal Certainty Rule

"The rule governing dismissal for want of jurisdiction in federal court is that, unless the law provides otherwise, the amount claimed by the plaintiff controls if the claim is apparently made in good faith." *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* "The burden is on the party asserting jurisdiction to show it is not a legal

---

[1] Because Defendant explicitly limited its motion to a facial attack, the Court has not considered the evidence outside the pleadings attached to Plaintiffs' response. *See id.*

2

certainty that the claim is less than the jurisdictional amount." *Id.* Notably, the Tenth Circuit has explained that "it is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied," and "[t]here is a strong presumption favoring the amount alleged by the plaintiff." *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216-17 (10th Cir. 2003). "Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction." *Id.*

## IV. Analysis

In its motion, Defendant argues the allegations in the Complaint establish that the specific amount in controversy is $74,965. In response, Plaintiffs cite allegations in the Complaint which they contend support an additional claim for misrepresentation and rely on these allegations to argue that it is not legally certain that Plaintiffs' claims are for less than $75,000.

Plaintiffs have demonstrated that their requested relief is not, to a legal certainty, less than $75,000. Regardless of whether Plaintiffs have a separate claim for misrepresentation, the allegations in the Complaint supporting Plaintiffs' claims for negligence and breach of fiduciary duty indicate that they seek in excess of $75,000. Specifically, Plaintiffs allege that the lease was of "no, or virtually no, value" and that Plaintiffs would not have entered into the transaction had they known that a portion of the purchase price was being paid to SOG. (Compl. ¶¶ 17-24.) These allegations suggest that Plaintiffs may seek to recover more than the $74,965 lost. Plaintiffs' assertion of the amount in controversy appears to have been made in good faith. No contract or law limits the amount recoverable by Plaintiffs, and no apparent abuse of federal court jurisdiction exists.

## V.     Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 9) is DENIED.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Defendant is ordered to answer Plaintiffs' Complaint within fourteen days.

**SO ORDERED** this 28th day of October, 2014.

_____
**TERENCE C. KERN**
**United States District Judge**